Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOHN HANRATTY; ET ALS<br><br>Peticionarios<br><br>v.<br><br>THOMAS R. MCOSKER; ET ALS<br><br>Recurridos<br><br>v.<br><br>LESSER FLAMINGO, LLC Y OTROS<br><br>Terceros demandados | KLCE202400486 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Daños y Perjuicios; Apropiación Ilegal, Enriquecimiento injusto<br><br>Caso Núm.: SJ2019CV06916 (Sala 603) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN[1]

En San Juan, Puerto Rico, a 25 de marzo de 2026.

Comparecen, *el Sr. John Hanratty, et als.* y *Lesser Flamingo LLC, et als.* (en adelante, "peticionarios") mediante el presente recurso de *certiorari*. Nos solicitan que revisemos la *Orden de Remedio Provisional* emitida el 1 de abril de 2024,[2] por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI"). Entre otras cosas, el TPI les ordenó a los peticionarios a abstenerse de enajenar o gravar cualquier bien que les pertenezca, y a someter un inventario de todos sus bienes.

Adicionalmente, los peticionarios solicitan la revocación de la *Orden de Mostrar Causa* emitida el 20 de abril de 2024.[3] Entre otros

---

[1] Mediante esta *Resolución* se sustituye, sin enmienda alguna, nuestro dictamen dictado el 12 de junio de 2024.
[2] Notificada el 2 de abril de 2024.
[3] Notificada el 22 de abril de 2024.

asuntos, el TPI ordenó a los peticionarios a cumplir con la *Orden de Remedio Provisional.*

Evaluada la totalidad del expediente, resolvemos **denegar** el recurso de *certiorari* solicitado. **Veamos.**

**-I-**

Surge de los autos ante nuestra consideración que, los peticionarios presentaron una *Demanda Enmendada* contra el *Sr. Thomas R. McOsker, BCMG International LLC, Gricklegrass Farms LLC, 100 Aker Wood LL, BCMG Technologies LLC, Map Plus LLC, BCMG Services LLC, McOsker Holdings LLC, Stonewall Holdings, LLC, BCMG LLC, Echo Recovery Solutions LLC y CambisPR LLC* (en adelante, recurridos–demandados) el **15 de agosto de 2019**.[4] En síntesis, el Sr. John Hanratty y las compañías demandantes alegaron que los recurridos se apropiaron ilegalmente de 3.5 millones de dólares que estaban depositados en unas Cuentas Plica o *"Escrow Accounts".* Entre otras cosas, solicitaron la indemnización por los daños sufridos.

De su parte, el **9 de octubre de 2020**, el *Sr. Thomas R. McOsker, BCMG LLC, BCMG Services LLC y BCMG Technologies LLC,* presentaron una *Segunda Reconvención* y *Demanda Contra Tercero Enmendada.*[5] El **8 de junio de 2021**, los recurridos sometieron su contestación a demanda y reconvención.[6]

Tras varios trámites procesales, el **20 de febrero de 2024** los recurridos presentaron una *Moción Urgente Solicitando Remedio Provisional en Aseguramiento de Sentencia.*[7] En suma, solicitaron que se ordenara a los peticionarios a abstenerse de enajenar o gravar

---

[4] Apéndice del Recurso de *Certiorari*, págs. 286 – 300.
[5] Las causas de acción presentadas fueron son incumplimiento de contrato, *culpa in contrahendo*, dolo y fraude, sentencia declaratoria, enriquecimiento injusto y daños.; *Véase*, Apéndice del Recurso de *Certiorari*, págs. 259 – 285.
[6] Apéndice del Recurso de *Certiorari*, págs. 225 – 258.
[7] Apéndice del Recurso de *Certiorari*, págs. 96 – 186.

bienes, y una identificación –listado– de todos sus bienes. Sin embargo, los peticionarios se opusieron el **1 de marzo de 2024**.[8]

Así las cosas, el **8 de marzo de 2024** se celebró una vista, sin embargo, ante un acuerdo entre las partes, la misma fue pospuesta para el **19 de abril de 2024**.[9] Dado que el representante legal del señor Hanratty y las compañías demandantes, informó que estos se acogerían a la protección que brinda la *Ley de Quiebras*.[10]

A solicitud los recurridos,[11] el TPI ordenó a los peticionarios a proveer información sobre la presentación de quiebra.[12] En cumplimiento, los peticionarios informaron que la petición se realizaría en o antes de finalizado el mes de marzo.[13] Atendido el asunto, el **27 de marzo de 2024**, el foro primario expresó, en lo pertinente, que; *"[s]e concede conforme informado hasta el 31 de marzo de 2024 para procurar la protección de la Ley de Quiebras, expirado dicho plazo se podrá atender la solicitud de orden de remedios provisionales".[14]*

El **1 de abril de 2024**, los recurridos presentaron una *Moción en Solicitud de Orden Concediendo los Remedios Extraordinarios Solicitados*.[15] En esencia, arguyeron que los peticionarios incumplieron con informar al TPI sobre la petición de quiebra, por lo que solicitaron que se emitiera la orden de remedio provisional solicitada.

Examinada tanto la solicitud de remedio provisional como la oposición a ello,[16] el TPI emitió *Orden de Remedio Provisional* el **1 de abril de 2024**.[17] En lo pertinente, esbozó que:

---

[8] Apéndice del Recurso de *Certiorari*, págs. 77 – 79.
[9] *Véase*, Apéndice del Recurso de *Certiorari*, pág. 74.
[10] *Id.*
[11] Apéndice del Recurso de *Certiorari*, págs. 59 – 73.
[12] Apéndice del Recurso de *Certiorari*, págs. 57 – 58.
[13] Apéndice del Recurso de *Certiorari*, págs. 45 – 50.
[14] Apéndice del Recurso de *Certiorari*, págs. 43 – 44.
[15] Apéndice del Recurso de *Certiorari*, págs. 96 – 107, 77 – 79.
[16] Véase; Apéndices del Recurso de *Certiorari*, págs. 38 – 40.
[17] Notificada el 2 de abril de 2024.; *Véase*, Apéndice del Recurso de *Certiorari*, págs. 27 – 37.

*[e]ste Tribunal entiende que los demandados han podido establecer que existen las circunstancias extraordinarias que justifican la intervención de este Tribunal sin vista.*

*En esta etapa de los procedimientos, los demandados reúnen los criterios para establecer su probabilidad de prevalecer en el pleito. Por una parte, consistentemente han alegado que los demandantes no han cumplido con su deber de descubrir evidencia que sustente su causa de acción. El Tribunal toma conocimiento que del récord del caso surge que existe una amplia controversia pendiente sobre la producción de documentos como parte del proceso de descubrimiento de prueba donde los demandados alegan que no han recibido un solo documento en respuesta a sus requerimientos y los demandantes no han controvertido esa alegación. Por otro lado, en ninguna de sus mociones, los demandantes han presentado evidencia alguna que contradiga los argumentos de los demandados con relación a su probabilidad de prevalecer o que sostenga que son ellos los que tienen mejor probabilidad de prevalecer.*

*También, los demandados sometieron documentos de los cuales este Tribunal puede tomar conocimiento judicial, los cuales incluyen múltiples declaraciones juradas sosteniendo acciones por parte del Sr. Hanratty que constituyen actos de enajenación de bienes que los demandantes y terceros demandados alegan son suyos y que obran en su poder o en poder de terceros; ello, a pesar de que existe un Injunction que protege esos bienes. También, los demandados han podido establecer que existe base racional para pensar que existen otros bienes en poder de los demandantes y terceros demandados o en poder de terceros que no están protegidos por el Injunction emitido por el Tribunal de Nueva York, que están en riesgo real de perderse. No tenemos duda que de materializarse la pérdida de los bienes y de prevalecer los demandados, estos sufrirán un daño irreparable al no contar con los fondos para poder satisfacer cualquier Sentencia que en su día emita este Tribunal. Además, la función judicial sufriría un daño irreparable al ponerse en riesgo su capacidad para hacer valer sus órdenes y sentencias.*

*Los demandantes alegan que la existencia del Injunction emitido por el Tribunal de Nueva York, así como de un Restraining Order emitida por el Tribunal Federal para el Distrito Sur de Nueva York, hacen improcedente los remedios que solicitan los demandados. No le asiste la razón. Como mencionamos anteriormente, existen bases racionales para entender que existen activos que no están cubiertos por las ordenes protectoras antes mencionadas. Los demandados apuntan a corporaciones que son parte de este pleito que no están incluidas en el caso ante el Tribunal Estatal de Nueva York y a otras tantas que se han creado con posterioridad a la radicación de este pleito. A estos efectos, resulta evidente que aún hay espacio para proveer protección adicional a los activos que se conocen y para identificar y proteger aquellos que no se conocen, pero que razonablemente existen.*[18]

A tales efectos, el TPI ordenó a los peticionarios a:

a) *Abstenerse de enajenar cualesquiera bienes inmuebles que les pertenezcan, así como cualesquiera gravamen contributivo (tax lien), título de contribuciones (tax deed), pagarés al portador o nominativos, hipotecarios o no, acciones de corporaciones domésticas o foráneas, préstamos privados, participaciones en sociedades, cantidades de dinero en cajas de seguridad, en cuentas de cheque o ahorros certificados de depósito, bonos, ginnie*

---

[18] *Id.*, págs. 34 – 35.

*mae's, fondos mutuos, inversiones, o cualquier tipo de instrumento financiero, negociable o no negociable y cualquier otro activo que pertenezca a los Demandantes y/o Terceros Demandados, independientemente de que estén bajo su custodia o bajo la custodia de terceros.*

b) *Abstenerse de gravar o en cualquier forma enajenar cualquier bien que pertenezca a los Demandantes y/o Terceros Demandados independientemente de que estén bajo su custodia o bajo la custodia de terceros.*

c) *Notifiquen mediante moción, dentro de un término perentorio de quince (15) días a partir del momento en que se le notifique la orden del Tribunal a estos efectos, un inventario concreto de todos los bienes inmuebles que les pertenezcan, así como cualesquiera gravamen contributivo (tax lien), título de contribuciones (tax deed), pagarés al portador o nominativos, hipotecarios o no, acciones de corporaciones domésticas o foráneas, préstamos privados, participaciones en sociedades, cantidades de dinero en cajas de seguridad, en cuentas de cheque o ahorros certificados de depósito, bonos, ginnie mae's, fondos mutuos, inversiones, o cualquier tipo de instrumento financiero, negociable o no negociable y cualquier otro activo que pertenezca a los Demandantes y/o Terceros Demandados, independientemente de que estén bajo su custodia o bajo la custodia de terceros, indicando la persona o entidad que tiene la custodia de los mismos y el lugar donde se encuentran.*

d) *Se mantiene el señalamiento de vista de remedios provisionales para el 19 de abril de 2024, a las 9:00 AM, sala 603.*
    *[…].*[19]

Ante el incumplimiento con el listado de los bienes, los recurridos solicitaron la imposición de sanciones a la contra parte.[20]

Por lo que el **20 de abril de 2024**,[21] el TPI determinó que;

*[a]nte lo informado, se concede 5 días a la parte demandante para mostrar causa por la cual no deban imponérsele severas sanciones y/o desacato por incumplimiento con la orden [391]. A solicitud de vista presencial de desacato, se dispone No Ha Lugar en este momento debido al cierre indeterminado del tribunal por fuego. Notifíquese esta orden directamente a la parte demandante a su dirección de récord, para que participe y coopere en el cumplimiento con esta Orden; y para que conozca sobre la sanción apercibida. HRS Erase v. Centro Médico del Turabo, 2020 TSPR 130.*[22]

En cumplimiento, el **29 de abril de 2024**, los peticionarios solicitaron que se dejara sin efecto la *Orden de Remedio Provisional*, y la *Orden de mostrar causa* por no ser conforme a derecho.[23] De igual forma, le requirieron al TPI una vista.

---

[19] *Id.*, pág. 36.
[20] Apéndice del Recurso de *Certiorari*, págs. 22 – 24.
[21] Notificado el 22 de abril de 2024.
[22] Apéndice del Recurso de *Certiorari*, pág. 21.
[23] Apéndice del Recurso de *Certiorari*, págs. 13 – 18.

Inconformes con el proceder del TPI, los peticionarios recurrieron el **2 de mayo de 2024** ante este foro apelativo. Mediante el presente recurso señalaron la comisión del siguiente error:

> *Erró el TPI al emitir una Orden de Remedio Extraordinario con prohibición de enajenar y gravar bienes de la parte demandante y al emitir una orden para exigir el cumplimiento de la misma sin cumplir con los requisitos de la Regla 56.4 de Procedimiento Civil de llevar a cabo una vista previa y/ o posterior; y al requerirle a las Peticionarias información sobre su condición de pago estando ello proscrito por el Tribunal Supremo en casos pre–sentencia.*

Luego de varias incidencias procesales, el **17 de mayo de 2024** comparecieron los recurridos en oposición a la expedición del auto de *certiorari*. Habiendo comparecido las partes, damos por sometido el asunto.

## -II-

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[24] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[25]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*[26]

---

[24] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[25] *García v. Asociación,* 165 DPR 311, 321 (2005).
[26] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[27]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[28]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[29]

**-III-**

En síntesis, los peticionarios nos plantean que el TPI erró al emitir una *Orden de Remedio Extraordinario*, prohibiendo que estos pudieran enajenar y/o el gravar sus bienes. Señalan, además, que el aludido foro incidió al exigir el cumplimiento de la orden sin llevar a cabo una vista conforme requiere la Regla 56.4 de Procedimiento

---

[27] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[28] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[29] *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 434 – 435 (2013).

Civil. De igual forma, arguyen que el foro de instancia se equivocó al requerirle a los peticionarios información sobre su condición de pago estando ello proscrito por el Tribunal Supremo en casos pre–sentencia.

Conforme a los hechos del caso y al derecho aplicable, las órdenes recurridas constituyen una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad para manejar los casos de la manera que entiendan más adecuada. Por lo cual, no encontramos fundamento para expedir el auto de *certiorari*.

Además, los peticionarios no señalaron prueba en el expediente tendente a demostrar que el foro primario abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. En ese sentido, somos de la opinión que el TPI no abusó de su discreción ni fue irrazonable en forma alguna. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra* resolvemos denegar el presente recurso de *certiorari*.

**-IV-**

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari* epígrafe.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones